**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LYNN MOORE** & **HEATHER KOLM**, on behalf of themselves and others similarly situated, | )<br>)  CASE NO. 5:22-cv-1017<br>)<br>)  JUDGE |
| Plaintiffs, | )<br>) |
| | )  MAGISTRATE JUDGE |
| v. | )<br>)  **COLLECTIVE AND CLASS ACTION** |
| **SHEARER'S FOODS LLC**, | )  **COMPLAINT** |
| | ) |
| Defendant. | )  **JURY DEMAND ENDORSED HEREON** |

Named Plaintiffs Lynn Moore ("Named Plaintiff Moore") and Heather Kolm ("Named Plaintiff Kolm") (collectively "Named Plaintiffs"), by and through counsel, hereby file their Collective and Class Action Complaint against Defendant Shearer's Foods LLC ("Defendant") and state and allege as follows:

**INTRODUCTION**

1.  This case challenges various policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2.  Named Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Named Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to Section 216(b).

3.  Named Plaintiffs bring these claims as a class action pursuant to Federal Rule of

Civil Procedure 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act on behalf of all hourly workers currently or previously employed by Defendant in Ohio within the two (2) years preceding this filing.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

5. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Northern District of Ohio, and Defendant has its principal place of business or otherwise conducted substantial business in the Northern District of Ohio.

## PARTIES

7. Named Plaintiff Moore is a resident of Ohio who was employed by Defendant as a Packer and Break Reliever from approximately 2013 through approximately August 2021. During her employment, Named Plaintiff Moore performed work at Defendant's Massillon, Ohio location.

8. Named Plaintiff Kolm is a resident of Ohio who was employed by Defendant in various positions, including Packer, Break Reliever, Machine Operator, and Quality Technician from approximately March 2019 through approximately November 2021. During her employment, Named Plaintiff Kolm performed work at both of Defendant's Massillon, Ohio and Brewster, Ohio locations.

9. Defendant is a for-profit Ohio corporation that is registered to conduct business in

Ohio. Upon information and belief, Defendant's principal place of business is located at 100 Lincoln Way East, Massillon, Ohio 44646. Defendant is in the business of manufacturing and distributing private brand snack foods for industries around the world.

10. At all relevant times, Defendant conducted business in Brewster and Massillon.

11. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law, including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

12. At all relevant times, Named Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

13. Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents to proceed as party plaintiffs are filed herewith as **Exhibit A**.

### FACTUAL ALLEGATIONS

A. **Unpaid Overtime Due to Pre-Shift Preparatory Work**

14. Defendant is a for-profit domestic corporation headquartered in Massillon, Ohio that engages in the production, packing, and distribution of chips, cookies, and crackers.

15. As a manufacturer of food products, Defendant is regulated by the U.S. Food and Drug Administration ("FDA") and is subject to authority of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 9, *et seq.* (hereinafter "FDCA").

16. In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food, set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

17. The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging materials ***shall conform to hygienic practices while on duty*** to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b) (emphasis added). These practices include but are not limited to the following:

a. Wearing outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials.

b. Maintaining adequate personal cleanliness.

c. Washing hands thoroughly (and sanitizing if necessary to protect against contamination with undesirable microorganisms) in an adequate handwashing facility before starting work, after each absence from the work station, and at any other time when the hands may have become soiled or contaminated.

d. Removing all unsecured jewelry and other objects that might fall into food, equipment, or containers, and removing hand jewelry that cannot be adequately sanitized during periods in which food is manipulated by hand. If such hand jewelry cannot be removed, it may be covered by material which can be maintained in an intact, clean, and sanitary condition and which effectively protects against the contamination by these objects of the food, food-contact surfaces, or food-packaging materials.

e. Maintaining gloves, if they are used in food handling, in an intact, clean, and sanitary condition. The gloves should be of an impermeable material.

f. Wearing, where appropriate, in an effective manner, hair nets, headbands, caps, beard covers, or other effective hair restraints.

g. Storing clothing or other personal belongings in areas other than where food is exposed or where equipment or utensils are washed.

h. Confining the following to areas other than where food may be exposed or where equipment or utensils are washed: eating food, chewing gum, drinking beverages, or using tobacco.

i. Taking any other necessary precautions to protect against contamination of food, food-contact surfaces, or food-packaging materials with microorganisms or foreign substances including, but not limited to, perspiration, hair, cosmetics, tobacco, chemicals, and medicines applied to the skin.

18. Notably, "[r]esponsibility for assuring compliance by all personnel with all requirements of this part shall be clearly assigned to competent supervisory personnel." 21 C.F.R. § 110.10(d).

19. The FDCA prohibits the adulteration of food and the introduction or delivery for introduction into interstate commerce of any adulterated food. 21 U.S.C. § 331.

20. Food is considered adulterated "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health[.]" 21 U.S.C. § 342(a)(4).

21. Any person who violates 21 U.S.C. § 331 "shall be imprisoned for not more than one year or fined not more than $1,000, or both." 21 U.S.C. § 333(a)(1).

22. In determining whether food is adulterated, the FDA applies the criteria and definitions set forth in the GMPs. 21 C.F.R. § 110.5(a).

23. Consequently, if Defendant's employees did not follow the GMPs set forth in 21 C.F.R. § 110.10(b), they could be held criminally liable under 21 U.S.C. § 333(a)(1).

24. Thus, it would be impossible for Named Plaintiffs and those similarly situated production/manufacturing employees, who were engaged in the processing, packaging, and handling of food products to perform their work duties unless they wore sanitary clothing and other protective equipment required by law.

25. Therefore, donning and doffing of sanitary clothing and other protective equipment, handwashing, hand sanitizing, and other anti-contamination steps are integral and indispensable to the work performed by Defendant's employees who are involved in the processing, packaging, and handling of food.

26. At all times relevant to this Complaint, Defendant employed Named Plaintiffs and

other similarly situated production/manufacturing employees in non-exempt, hourly positions and required them to work in direct contact with food, food-contact surfaces, and food-packaging materials.

27. During all times relevant to this Complaint, Named Plaintiffs and other similarly situated hourly production/manufacturing employees frequently worked more than forty (40) hours per workweek.

28. Defendant uses/used a timekeeping system that records/recorded its hourly employees' exact punch-in and punch-out times.

29. Defendant has a policy and/or practice of not permitting its hourly employees to clock in more than seven (7) minutes prior to the scheduled start of their shifts.

30. However, Named Plaintiffs and other similarly situated hourly production/manufacturing employees arrive more than seven (7) minutes prior to the scheduled start of their shifts in order to don certain personal protective equipment ("PPE").

31. After donning PPE, Named Plaintiffs and other similarly situated hourly production/manufacturing employees clock in before they proceed to the handwashing station to wash their hands.

32. After washing their hands, Named Plaintiffs and other similarly situated hourly production/manufacturing employees attend a pre-shift staff "huddle" meeting that begins prior to the scheduled start of their shifts.

33. Defendant generally requires Named Plaintiffs and other similarly situated hourly production/manufacturing employees to be on the production/manufacturing line no later than the scheduled start of their shifts. Thus, Named Plaintiffs and other similarly situated hourly production/manufacturing employees must perform all perform hygienic practices and attend the

pre-shift staff "huddle" meeting before the scheduled start of their shifts.

34. Defendant maintains a rounding system whereby it only compensates employees in full quarter-hour (i.e., 15-minute) increments. Thus, Defendant's 7-minute pre-shift prohibition guarantees that such rounding solely rounds in Defendant's favor (to the scheduled start of the employee's shift), thereby ensuring that Named Plaintiffs and similarly situated hourly production/manufacturing employees are not paid for any work performed prior to the scheduled start of their shifts.

35. Defendant's failure to compensate Named Plaintiffs and other similarly situated hourly production/manufacturing employees for time spent performing work that is necessary and indispensable to their job duties of processing and packaging food for human consumption prior to the scheduled start of their shifts resulted in unpaid overtime in violation of the FLSA.

        **B.**    **Unpaid Overtime Due to Unpaid Break Policy and/or Practice**

36. Defendant maintains a policy of requiring Named Plaintiffs and other similarly situated hourly production/manufacturing employees to clock out and clock in for one or more unpaid break(s), each totaling twenty (20) or fewer minutes, on a daily basis.

37. Named Plaintiffs and other similarly situated hourly production/manufacturing employees were required to clock out at the beginning of these breaks and clock back in at the end of such breaks.

38. As the FLSA outlines, "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry," "must be counted as hours worked," and "may not be offset against other working time." 29 C.F.R. § 785.18.

39. During the three (3) years preceding the filing of this Complaint, Defendant did not compensate Named Plaintiffs and similarly situated hourly production/manufacturing employees

for short rest breaks of twenty (20) or fewer minutes.

40. As a result, Named Plaintiffs and other similarly situated hourly production/manufacturing employees were not paid for all overtime work performed because Defendant unlawfully deducted short rest breaks from Named Plaintiffs' and other similarly situated hourly production/manufacturing employees' working time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated production/manufacturing employees of the opt-in collective, consisting of:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for 40 or more hours of work and (i) don and doff personal protective equipment and sanitary gear or otherwise perform mandatory pre-shift anti-contamination steps; or (ii) had at least one rest break of 20 minutes or fewer deducted from their work hours in any workweek beginning 3 years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

42. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiffs, numerous current and former production/manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiffs are representative of the FLSA Collective and are acting on behalf of their interests as well as their own in bringing this action.

43. These similarly situated production/manufacturing employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may

readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

44. Named Plaintiffs bring this action pursuant to Rule 23(a) and (b)(3) on behalf of themselves and all other current or former production/manufacturing employees employed by Defendant within the last two (2) years, consisting of:

> **All of Defendant's current and former Ohio hourly production/manufacturing employees who were paid for 40 or more hours of work and (i) don and doff personal protective equipment and sanitary gear or otherwise perform mandatory pre-shift anti-contamination steps; or (ii) had at least one rest break of 20 minutes or fewer deducted from their work hours in any workweek beginning 2 years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").**

45. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's companywide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because of its failure to compensate employees as outlined above when they worked forty (40) or more hours in one or more workweek(s). Named Plaintiffs are representative of those other similarly situated production/manufacturing employees and are acting on behalf of their interests as well as their own in bringing this action.

46. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

47. Named Plaintiffs are each a member of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

48. Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

49. Named Plaintiffs each have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

50. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

51. Questions of law and fact are common to the Ohio Rule 23 Class.

52. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

53. Class certification is appropriate under Rule 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

54. Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members for all hours worked in excess of forty (40) hours per week because of its failure to compensate employees for pre-shift work and/or for short rest breaks; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiffs and other members of the Ohio

Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

56. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective.

59. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

60. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiffs and the FLSA Collective Members.

61. Named Plaintiffs and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

62. Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's rounding and short rest break policies and/or practices described herein.

63. Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

64. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

65. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

66. As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought under the Ohio Wage Act.

69. Named Plaintiffs and the Ohio Rule 23 Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

70. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

71. Named Plaintiffs and the Ohio Rule 23 Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they performed unpaid pre-shift work and/or had short rest breaks deducted from their work hours.

72. Named Plaintiffs and the Ohio Rule 23 Members were not exempt from the wage protections of the Ohio Wage Act.

73. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiffs and the Ohio Rule 23 Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Members were entitled.

74. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiffs and the Ohio Rule 23 Members have suffered and continue to suffer damages, Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Ohio Rule 23 Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendant.

77. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

78. The OPPA requires Defendant to timely pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

79. By failing to pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

80. Named Plaintiffs' and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

81. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

82. As a result of Defendant's willful violation, Named Plaintiffs and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT IV:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

85. During times material to this complaint, Defendant was a covered employer and required to comply with the Ohio Wage Act's mandates.

86. Named Plaintiffs and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

87. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Ohio Rule 23 Class Members worked each workday and within each workweek.

88. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding to Named Plaintiffs and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

L. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

M. Granting such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com
           khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiffs and those similarly situated.*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman* _____
Matthew J.P. Coffman