UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYNN MOORE, *et al.*, | ) | CASE NO.: 5:22-cv-01017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| SHEARER'S FOODS LLC, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 16, 20, 23, and 37) |
| | ) | |

This matter comes before the Court on the limited issue of whether an offset would apply in determining the scope of Defendant Shearer's Foods LLC ("Shearer's") potential liability under the Fair Labor Standards Act ("FLSA"), if any. This issue is being determined at this stage in the case in the interest of judicial economy.

This question came before the Court in Shearer's Motion to Stay Briefing and Decision on Conditional or Class Certification. Doc. 16. Shearer's asked the Court to stay the case to determine whether or not an offset would be applicable here. Doc. 16. Plaintiffs Lynn Moore and Heather Kolm, on behalf of themselves and others similarly situated, ("Plaintiffs") filed an Opposition to Shearer's Motion. Doc. 21. Plaintiffs opposed the Motion to Stay, as well as the offset argument. Doc. 21. Shearer's filed a Reply. Doc. 22. Plaintiffs filed a Motion for Leave to File Instanter Sur-Reply to Defendant's Reply in Support of Motion to Stay and attached its proposed Sur-Reply.[1] Doc. 23. The Court finds that the Parties have sufficiently briefed the offset question and there is no need for further proceedings or briefing on the issue.

---

[1] Plaintiffs' Motion for Leave to File Instanter Sur-Reply to Defendant's Reply in Support of Motion to Stay Briefing and Decision on Conditional Class Certification is hereby GRANTED. Plaintiffs' Sur-Reply is deemed to have been filed as of August 23, 2022.

1

For the reasons stated below, the Court finds that an offset would not be available to Shearer's based on the alleged facts.

## I. Facts

In their Amended Complaint, Plaintiffs allege in Count I that Shearer's has violated the FLSA by not paying the correct amount of overtime. Doc. 14. One of the factual situations that Plaintiffs allege is that Plaintiffs are required to engage in the "donning and doffing of sanitary clothing and other protective equipment, handwashing, hand sanitizing, and other anti-contamination steps" and a pre-shift huddle prior to their scheduled shift time. Doc. 14 at 4-8. Plaintiffs allege that Shearer's has a policy that prohibits employees from clocking in more than seven minutes before their shift start time. Doc. 14 at 7. The Amended Complaint alleges, however, that Plaintiffs routinely arrive more than seven minutes before their shift to start the required pre-shift activities. Doc. 14 at 7.

Plaintiffs also allege that Shearer's has a "rounding system" where it compensates employees in 15-minute increments. Doc. 14 at 8. Plaintiffs allege that this rounding policy, coupled with the prohibition on clocking in more than seven minutes prior to the start of a shift, causes Plaintiffs to not be compensated for any of the pre-shift work they must engage in as the timekeeping would be rounded down to the shift start time, versus another 15 minutes of worktime. Doc. 14 at 8.

Shearer's alleges that it provides Plaintiffs with three paid 20-minute breaks throughout the work day.[2] Doc. 16-1. Shearer's argues that it is not required to pay for these breaks and, therefore, any alleged pre-shift work that is not compensated for should be offset by the 60 minutes

---

[2] Based on the Amended Complaint and Plaintiffs' Response in Opposition, it appears it may be disputed as to whether these breaks are paid or unpaid. Docs. 14 and 21. For the limited purpose of deciding the offset question, the Court will assume these breaks are paid. If the breaks are found to be unpaid, the offset question would then be irrelevant.

per day that Plaintiffs are paid for breaks. Doc. 16-1. Shearer's argues that "[b]ecause of this offset for otherwise non-compensable time, Plaintiffs have not been damaged in any way." Doc. 16-1 at 5. Shearer's argues that Plaintiffs do not have standing as they have not suffered any concrete harm. Doc. 16-1.[3]

## II. Law and Analysis

FLSA regulation 29 C.F.R. § 785.18 states that "[r]est periods of short duration, running from 5 minutes to about 20 minutes . . . must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." The Southern District of Ohio in *Rose v. Velocys, Inc.* stated that while employers are not required to provide breaks, "[i]f an employer permits short breaks, however, the employees must be paid for that break time. 29 C.F.R. § 785.18. Therefore, the number of hours worked is not limited to the time an employee performs her job duties." *Rose v. Velocys, Inc.*, Case No. 2:17-cv-635, 2018 WL 5927558, at *4 (S.D. Ohio Nov. 13, 2018) (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 133-34, 65 S.Ct. 165, 89 L.Ed. 118 (1944)).

Plaintiffs and Shearer's agree that these three breaks are supposed to be 20 minutes each.[4] While Shearer's mentions in its Reply that short breaks could constitute meal breaks, there is no allegation that these 20-minute breaks were designated to be meal breaks. Therefore, based on the

---

[3] The Court does not have a Motion to Dismiss pending before it for lack of standing. The Court is only deciding the limited issue of whether an offset would be available to Shearer's if they are found liable under the FLSA, and this offset issue only applies to Plaintiffs' allegations regarding the pre-shift activities they must engage in and the alleged paid breaks they receive. The Amended Complaint also alleges an FLSA violation for certain nondiscretionary bonuses that were given. Doc. 14. Shearer's makes no mention of this in its argument that Plaintiffs do not have standing or have not alleged a concrete harm.

[4] Shearer's mentions in both its Motion and Reply that some of the individuals' breaks lasted up to 23 minutes. Doc. 16-1 at 2; Doc. 22 at 3. If Shearer's seeks to mention this to bring the breaks outside the scope of 29 C.F.R. § 785.18, the Court finds that irrelevant to the issue at hand. If the allotted break time is 20 minutes, Shearer's could take disciplinary measures against those employees who take breaks that last longer; however, "it cannot be permitted to offset such time against uncompensated work time in its attempt to satisfy the requirements placed on it under the FLSA." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F.Supp.2d 941, 953 (W.D. Wis. June 2, 2008).

alleged facts, these breaks fall within 29 C.F.R. § 785.18 and are compensable under the FLSA and must be counted as work time. As such, as the regulation states, these compensable short breaks cannot be used to offset the alleged pre-shift work that the Plaintiffs are required to engage in but allegedly are not currently being compensated for.

While 29 C.F.R. § 785.18 is determinative of the issue, Plaintiffs also cite to the Sixth Circuit's decision in *Secretary of Labor v. Timberline South, LLC* as the controlling caselaw on this issue. *Secretary of Labor v. Timberline South, LLC*, 925 F.3d 838 (6th Cir. 2019). In *Timberline*, the employer was compensating the employees for the time they commuted to work and mealtimes. *Id*. at 841. The Sixth Circuit held that including those hours for commuting and meal breaks when determining the number of work hours for overtime purposes was improper. *Id*. at 855. The Court reasoned that those hours, even though compensated by the employer, were not compensable under the FLSA. *Id*. at 855. The Court held:

> Any ordinary commute and bona fide meal time that can be established must not be included in determining how many hours of overtime each employee worked, *although Defendants may not use the amounts paid for those otherwise non-compensable work periods as an offset against the amounts owed*.

*Id*. at 855. (emphasis added) While this Court does agree that an offset is not available to Shearer's, the instant case is distinguishable from *Timberline* because we are dealing with compensable time under the FLSA, unlike the non-compensable time in *Timberline*.

Shearer's cites to *Ruffin v. Motorcity* from the Eastern District of Michigan to support its argument that the paid breaks can be used to offset any uncompensated work time that allegedly occurs pre-shift. *Ruffin v. Motorcity*, Case No. 12-cv-11683, 2014 WL 11309796, *7 (E.D. Mich. Mar. 10, 2014), aff'd sub nom., *Ruffin v. MotorCity Casino*, 775 F.3d 807 (6th Cir. 2015).[5] In

---

[5] The Eastern District of Michigan Court granted summary judgment in favor of employer Motorcity and it was appealed to the Sixth Circuit. The sole question before the Sixth Circuit was whether the meal breaks were

4

*Ruffin*, the district court found that the employees' paid 30-minute meal breaks could be used to offset uncompensated 15 minute "roll call" meetings in determining work hours for overtime purposes. *Id*. at *7. *Ruffin* is distinguishable to the instant case because the district court, and subsequently the Sixth Circuit, found these 30-minute meal breaks to not be compensable under the FLSA, whereas here, we are dealing with compensable short breaks pursuant to 29 C.F.R. § 785.18.

Therefore, based on the alleged facts before the Court, the three, allegedly paid, 20-minute breaks are compensable under the FLSA and, therefore, they are not permitted to be used to offset any alleged unpaid compensation. *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 914 (9th Cir. 2004) (stating that "it would undermine the purpose of the FLSA if an employer could use agreed-upon compensation for non-work time (or work time) as a credit so as to avoid paying compensation required by the FLSA.").

### III. Conclusion

For the reasons stated above, the Court finds that, based on the alleged facts in the Amended Complaint, if Shearer's is found in violation of the FLSA, Shearer's cannot offset uncompensated time for pre-shift work with the compensated short breaks that it allows.[6]

Shearer's has also filed a Motion for Extension of Time to file an Opposition to Plaintiffs' Motion for Conditional Class Certification. Doc. 20. That Motion is GRANTED. Shearer's has 30 days from the date of this Order to file its Opposition.

---

predominantly for the employees' benefit or that of the employer in order to determine whether the breaks were compensable or not under the FLSA. *Ruffin v. MotorCity Casino*, 775 F.3d 807, 809 (6th Cir. 2015). The Sixth Circuit did not specficially address the district court's finding regarding offset. The Sixth Circuit affirmed the district court's ruling. *Id*.

[6] As the offset issue was the sole basis for Shearer's Motion to Stay Briefing and Decision on Conditional Class Certification, the Motion to Stay is hereby DENIED as moot.

Also, on February 28, 2023, Plaintiffs filed a Notice of Supplemental Authority in further support of their position on the offset question. Doc. 36. On March 8, 2023, Shearer's filed a Motion to Strike that Notice. Doc. 37. Pursuant to the Court's Order herein, the Motion to Strike is DENIED as moot.

IT IS SO ORDERED.

Date: March 29, 2023                              /s/ *John R. Adams*
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE