# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LYNN MOORE, et al., on behalf of themselves and others similarly situated, | ) CASE NO. 5:22-CV-01017 ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS ) |
| vs. | ) MAGISTRATE AMANDA M. KNAPP ) |
| SHEARER'S FOODS LLC, | ) **DEFENDANT'S MEMORANDUM IN SUPPORT OF PROPOSED NOTICE OF POTENTIAL OPT-IN PLAINTIFFS** |
| Defendant. | ) |

"The purpose of the notice is to provide potential plaintiffs with a neutral discussion of the nature of the action." *Snide v. Discount Drug Mart, Inc.*, Case No. 1:11CV0244, 2011 WL 5434016, at *7 (N.D. Ohio Oct. 7, 2011). Plaintiffs' Proposed Notice is potentially misleading, omits key information, and is otherwise inappropriate in several respects. The parties have met and conferred and Defendant Shearer's Foods LLC ("Shearer's") believed a compromise could be reached when Shearer's proposed that the notice includes (i) a lookback period from July 1, 2020, (ii) no language regarding opt-in plaintiffs' potential liability for costs, (iii) language that individuals could join with their own counsel, (iv) "production" only instead of the term "production/manufacturing," (v) a 60-day opt-in period with notice sent via U.S. mail and email (as Plaintiffs initially requested), and (vi) no opt-in plaintiffs' names whose claims are time-barred. Other than agreeing to add the counsel language (part iii), Plaintiffs rejected Shearer's proposal. Thus, Shearer's submits an alternative proposed notice as **Exhibit A** for the Court's consideration, which Shearer's respectfully requests the Court approve.[1]

**Production/Manufacturing**. Plaintiffs' class definition improperly includes the term "production/manufacturing." This term is confusing for notice recipients. Shearer's is in the

---

[1] Shearer's Proposed Notice is substantially similar to the last version Shearer's proposed to Plaintiffs. The parties had largely agreed to certain non-substantive changes, such as adding a more neutral description of claims.

1

business of manufacturing and distributing snack foods, but the opt-in plaintiffs were involved only in the *production* of such snack foods. To manufacture its products, Shearer's also employs individuals in its corporate office and in its facilities' maintenance, lab/quality control, sanitation, and warehousing departments. None of these positions are involved in the *production* of snack foods. None of the opt-ins or declarants in this case worked in any role other than production (or "operations" as it is also called at Shearer's). *See* Shearer's Opposition, at 2 (Dkt. 40); Plaintiffs' Motion for Conditional Cert. at Ex. 2-12 (Dkt. 18) (including their job titles). Plaintiffs' counsel, for the first time in the meet and confer, claimed that notice should be sent to all positions listed on the "Manufacturing & Warehouse" page of Shearer's Careers website - but not to the positions listed on the "Service Center" or "Maintenance" careers pages - and hence their use of the term "production/manufacturing."[2] Shearer's submits that warehouse employees are not part of the approved class and that the word "manufacturing" should be deleted or replaced with "production/operations" as this is the commonly used term within the business.[3]

**Consequences of Opting In**. Plaintiffs' Proposed Notice fails to sufficiently inform opt-in plaintiffs that the Court is neutral and takes no position on the merit (or lack of merit) of this lawsuit. Shearer's Proposed Notice adds a bold paragraph explaining the case's procedural posture and the recipients potential for recovery or liability. *See Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio Aug. 31, 2011) ("[T]he judicial notice should clarify that the lawsuit is only in the early stages, that the right to recovery is not established and is not certain, and a decision to

---

[2] Notably, the identical open positions in warehousing/supply chain and sanitation are listed in *both* the "Service Center" and "Manufacturing & Warehouse" pages of Shearer's Careers website. "Production" is its own subcategory only in the "Manufacturing & Warehouse" section. *See* https://www.shearers.com/careers/ [visited Mar. 23, 2024].

[3] In the revised notice that Shearer's submitted with its Opposition, Shearer's changed the class definition to "production employee" but otherwise left the term "production/manufacturing" in other parts of the notice. However, conversations with Plaintiffs' counsel have revealed that they consider this phrase to encompass warehousing employees, which only underscores the confusion caused by a term that is not used internally at Shearer's. Since none of the opt-in plaintiffs worked outside of the operations department (a fact Plaintiffs do not deny), Shearer's assumed that Plaintiffs' proposed class was limited to production/operations employees (its largest department).

2

participate in the lawsuit does not guarantee that the participant will receive money."). Plaintiffs claimed that this paragraph was misleading and duplicative of other references in the notice. To compromise, Shearer's agreed to remove allegedly duplicative comments in other sections so that the notice would include this vital information plainly stated in the beginning.[4]

**Lookback Period**. Plaintiffs propose essentially a four-and-a-half years long lookback period for the notice *i.e.*, three years from the filing for their Motion on August 12, 2022. The appropriate period is, ***at most***, three years back from the Court's March 2024 order. *See Durbin v. Foundations Health Sols., LLC*, No. 1:22-CV-01719, 2023 WL 3066278, at *3 (N.D. Ohio Apr. 12, 2023) ("But that three-year period is limited to the three years before this order, not the three years before the date [plaintiff] filed this action or her motion."); *Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544, 2020 WL 2615514, at *8 (N.D. Ohio May 22, 2020) (same); *De Angelis v. Nat'l Ent. Grp., LLC*, No. 2:17-CV-924, 2019 WL 6715974, at *5 (S.D. Ohio Dec. 10, 2019) (same); *Roberts v. J.R. Eng'g, Inc.*, No. 5:19-CV-00110, 2019 WL 5653340, at *9 (N.D. Ohio Oct. 31, 2019) (same); *Osman*, No. 16-CV-802, 2017 WL 2908864, at *7 (same); *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-1225, 2019 WL 4667497, at *10 (S.D. Ohio Sept. 25, 2019) (same). Judge Marbley's novel approach in *Braun v. Coulter Ventures, LLC*, No. 2:19-cv-5050 & 2:20-cv-3052, 2022 WL 798358 (S.D. Ohio Mar. 16, 2022) of "tolling for the purposes of notice" is inapposite and unwarranted. In that case, the court was adjudicating the plaintiff's Motion to Toll.

---

[4] **Potential Liability for Costs**. Only for purposes of reaching a compromise, Shearer's was willing to remove language in this second paragraph that informed the notice recipient that he may be liable for Shearer's costs of litigation. Shearer's submits that such cost language should be included. *See Green v. Verita Telecommunications Corp.*, No. 1:20 CV 2872, 2021 WL 2227379, at *6 (N.D. Ohio June 2, 2021) ("Including a short statement that plaintiffs possibly may be liable for a portion of defendant's costs will provide putative members with a more complete understanding of the litigation that they are considering opting into.") (internal citation omitted); *Roberts v. J.R. Eng'g, Inc.*, No. 5:19-CV-00110, 2019 WL 5653340, at *9 (N.D. Ohio Oct. 31, 2019) (adding cost language); *Osman v. Grube, Inc.*, No. 16-CV-802, 2017 WL 2908864, at *7 (N.D. Ohio July 7, 2017) (same); *Gomez v. ERMC Prop. Mgmt. Co., LLC*, 2014 WL 3053210, at *2 (N.D. Ohio 2014) (such language gives "prospective plaintiffs a clear understanding of the potential risks and rewards of opting into this litigation").

Here, notwithstanding Plaintiffs' continued veiled references to equitable tolling, Plaintiffs have not moved for such relief from the Court. Limiting the notice period to three years from this Court's March 14, 2024 order will insulate the putative collective from individuals with unviable (*i.e.*, time-barred) causes of action.[5] But again, in the interest of compromise and to avoid unnecessary briefing regarding equitable tolling, Shearer's proposes a lookback period of July 1, 2020 to the present.

**Opt-In Period**. Plaintiffs' only argument for a 90-day opt-in period is that it is necessary for a nationwide class.[6] Courts regularly determine that a 45-day notice period is reasonable, yet Shearer's is willing to compromise with a 60-day opt-in period. *See Green*, No. 1:20 CV 2872, 2021 WL 2227379, at *8 (45-day notice period); *Adams,* No. 1:19CV1544, 2020 WL 2615514, at *9 (noting that "[t]his Court and others have shortened the opt-in period to forty-five days because it is more efficient" but ordering 90-day period where plaintiff proved that the industry (fast food) was high-turnover); *Kopp v. Precision Broadband Installations, Inc.*, No. 3:20 CV 2779, 2021 WL 2688520, at *4 (N.D. Ohio June 30, 2021) (45-day notice period); *Cowan*, No. 2:19-CV-1225, 2019 WL 4667497, at *10 (60 days in a nationwide class). Plaintiffs have not argued that the putative class is part of a high-turnover industry or that mail requires 90 days to reach its recipient. A 60-day period gives recipients ample time to read and consider the notice, and to decide whether to join the action.

**Notice Distribution**. Plaintiffs' initially requested to send notice to the putative collective members by U.S. mail and email. Upon learning that Shearer's did not require hourly employees to provide their personal email addresses, Plaintiffs requested that notice go out via text message

---

[5] Shearer's Proposed Notice removes the names of two opt-in plaintiffs because their claims are time barred i.e., each left Shearer's before March 2021 and each left three years before filing their own consent forms to join this case.
[6] Plaintiffs claimed that they would agree to a 60-day opt-in period only if notice would be sent via U.S. mail and text message. As argued *infra* by Shearer's, text message notice is inappropriate in this case.

4

instead. "District Courts in Ohio generally approve a single method of notification unless there is reason to believe that method will be ineffective." *Kopp,* No. 3:20 CV 2779, 2021 WL 2688520, at *4 ("Based on *Hoffman-La Roche*, and taking into consideration accuracy, efficiency, and timing, while maintaining respect for the privacy of the potential opt-in plaintiffs, the Court finds Plaintiff's proposed additional methods of notice via email and text message unnecessary."). Courts have primarily allowed multiple methods of service where the plaintiff credibly anticipates difficulties in locating all potential class members or the defendant did not object. *Id*; *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016) (dual method approved where putative plaintiffs' work requires them to be away from their homes for months at a time); *Cowan*, 2019 WL 4667497, at *11 ("[T]he majority of courts in this district have declined to allow plaintiffs to notify putative class members via text message unless notice through other methods is ineffective.") Plaintiffs' only reason for requesting two methods is an alleged recent "trend" for dual service. They have not made any showing that service by U.S. Mail is insufficient to reach these putative class members. Notice by text message is also an unnecessary intrusion on the privacy of the putative class. *Anderson v. Minacs Grp. (USA) Inc.*, No. 16-13942, 2017 WL 1856276, at *9 (E.D. Mich. May 9, 2017). To compromise, Shearer's indicated to Plaintiffs that it has email addresses for employees who provided them and agreed to email the notice to those people.[7]

**Roster**. Given the breadth of the conditionally certified class, Shearer's requires 30 days after this Court's approval of the form of the Notice to compile the requested roster and information regarding the conditionally certified class. *See Green,* No. 1:20 CV 2872, 2021 WL 2227379, at *8 (allowing 30 days for nationwide class of several job positions).

---

[7] Shearer's submits a redline of Plaintiffs' Proposed Text Notice if this Court chooses to allow distribution via text.

Respectfully submitted,


*/s/ Yelena G. Katz*
W. ERIC BAISDEN (0055763)
YELENA G. KATZ (0092130)
**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: ebaisden@beneschlaw.com
 ykatz@beneschlaw.com

*Attorneys for Defendant Shearer's Foods, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was electronically filed on March 25, 2024, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        */s/ Yelena G. Katz*
                                        Yelena G. Katz

                                        *One of the Attorneys for Defendant*