IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LYNN MOORE** & **HEATHER KOLM**, on behalf of themselves and others similarly situated,<br>        Plaintiffs,<br>  v.<br>**SHEARER'S FOODS LLC**,<br>        Defendant. | CASE NO. 5:22-cv-1017<br>JUDGE JOHN R. ADAMS<br><br>**PLAINTIFFS' POSITION STATEMENT IN SUPPORT OF PROPOSED NOTICE AND DISTRIBUTION PROCESS** |

On March 14, 2024, the Court granted Plaintiffs Lynn Moore and Heather Kolm's ("Plaintiffs'") Motion for Conditional Certification ("Motion"). ECF Nos. 18, 55. The Court's Order further requires the parties to meet and confer regarding the contents of the notice. Order, ECF No. 55, at PageID #: 608. Although Plaintiffs incorporated many of Defendant's modifications, the parties could not reach complete agreement.

The remaining disputed issues are: (1) the lookback period for notice purposes; (2) the length of the notice period; (3) the method(s) of distributing notice; (4) the inclusion of "manufacturing" to describe eligible employees; (5) the exclusion of "costs" language; and (6) 30 days to produce the list of potential opt-in plaintiffs. For these reasons, the Court should approve Plaintiffs' proposed notices and distribution plan.

**Lookback Period.** Defendant argues that the lookback period should begin March 14, 2021. *See* ECF No. 50, at PageID #: 603, 08; ECF No. 18-2, at PageID #: 140. However, the Court granted Plaintiffs' collective definition where the lookback period begins "3 years preceding the filing date of [the] Motion," which would be August 12, 2019. *See* ECF No. 50, at PageID #: 603, 08. The Sixth Circuit has instructed district courts to freely grant tolling. *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1012–15 (6th Cir. 2023) (Bush, C.J., concurring); *id.* at 1016–17 (White, C.J., concurring in part and dissenting in part). After *Clark*, district courts have

granted equitable tolling where the issuance of notice is delayed. *Duncan v. Magna Seating of Am., Inc.*, No. CV 22-12700, 2024 WL 1049467, at *3 (E.D. Mich. Mar. 11, 2024); *Cordell v. Sugar Creek Packing Co.*, No. 2:21-CV-00755, 2023 WL 5918753, at *7 (S.D. Ohio Sept. 11, 2023). Here, Plaintiffs' Motion was filed **580 days** before the Order granting notice was entered. During the intervening 19 months, Defendant delayed proceedings effectively for *over seven months* with its Motion to Stay based on its frivolous argument contrary to the plain language of 29 C.F.R. § 785.18, which the Court found was "determinative." ECF Nos. 16, 39. The Sixth Circuit's *Clark* decision that led to supplemental briefing necessarily added to the delay. Regardless, the potential opt-in plaintiffs should not be prejudiced by the delay in issuing notice. Otherwise, employers would be emboldened to take action simply for delay because it would greatly benefit them.

If the Court is unwilling to grant equitable tolling now, it should allow tolling for notice to ensure that anyone who may have a claim can receive notice. Plaintiffs' request is supported by post-*Clark* decisions that calculate the lookback date based on the filing of the motion for the issuance of notice. *Polen v. JSW Steel USA Ohio, Inc.*, No. 2:22-CV-00085, 2023 WL 6860399, at *8 (S.D. Ohio Oct. 18, 2023); *Isaacs v. Landmark Recovery of Louisville, LLC*, No. 3:23-CV-00210, 2023 WL 6096730, at *16 (M.D. Tenn. Sept. 18, 2023). The parties can later present their positions relative to the appropriateness of equitable tolling.[1]

**Opt-In Period.** Defendant argues for the fewest number of days for the notice period because it benefits from a short timeframe for employees to join. Defendant maintains this position despite that (1) notice will be sent nationwide to potential opt-in plaintiffs in multiple states,

---

[1] Although Defendant offered July 1, 2020 as a compromise, Defendant declined to explain how it arrived at this date. Thus, it appears to be a date that was arbitrarily selected and is actually closer to March 14, 2021 than it is to Plaintiffs' proposed date of August 12, 2019. Plaintiffs will incur the initial cost of mailing notice, and Defendant is not prejudiced by allowing the potential opt-in plaintiffs to receive notice. Those potential opt-in plaintiffs will either be able to participate in this lawsuit if tolling is granted or their claims will be barred.

including Arizona, Oregon, Pennsylvania, and Texas; and (2) inherent delays in mail support that more time is needed to ensure an ample opportunity to receive notice and join. A 90-day notice period accomplishes the FLSA's broad remedial purpose. *Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2022 WL 17552396, at *7 (N.D. Ohio Dec. 9, 2022) (Barker, J.).

90-day notice periods are often permitted and especially justified when notice is sent to multiple states across the country. *See, e.g.*, *Bryant v. North Coast Nat. Sols., LLC*, No. 1:19CV1075, 2021 WL 4171035, at *3 (N.D. Ohio Sept. 14, 2021) (Boyko, J.); *Mudrich v. Sygma Network, Inc.*, No. 2:21-CV-4932, 2022 WL 4395678, at *4 (S.D. Ohio Sept. 23, 2022); *Fitzpatrick v. Cuyahoga Cnty.*, No. 1:17 CV 1235, 2017 WL 5178266, at *7 (N.D. Ohio Nov. 8, 2017) (Oliver, J.) (granting 90-day notice period). As with *Mudrich*, Defendant has not explained why the 90-day opt-in period is inappropriate and it is not prejudiced. 2022 WL 4395678, at *4.

**Notice Distribution.** Defendant first argued that notice should be sent only by mail. But, during the parties' meet and confer efforts, Defendant offered to send notice by mail to all potential opt-in plaintiffs and email to those same individuals for whom it can produce a report. Defendant previously represented that it "does not require" employees "to provide personal email addresses." ECF No. 40, at PageID #: 444. Defendant could not state how many, *if any*, email addresses it can provide. The Court should not accept Defendant's offer to gather email addresses for an indefinite (likely minimal) number of potential opt-in plaintiffs. Instead, notice should issue by mail and text.

The Court has approved notice by text several times. *See, e.g.*, *Hale v. Landmark Recovery of Ohio, LLC*, No. 3:22 CV 2011, 2023 WL 6888900, at *2 (N.D. Ohio Oct. 19, 2023) (Zouhary, J.) (permitting notice by mail and text); *Pryke v. First Solar, Inc.*, No. 3:21-CV-00681-JGC, 2021 WL 5027565, at *3–4 (N.D. Ohio Oct. 29, 2021) (Carr, J.) (finding that notice by text is perhaps the most efficient and effective method of notice). Indeed, the Court recognized when granting

text notice, the Bankruptcy Court relies on text notice to inform the public of case information and hearings. *See Dewitt v. Gervasi Vineyard & Italian Bistro*, No. 5:22-CV-00476, Dkt. No. 19, at PageID #: 172 (N.D. Ohio Oct. 7, 2022) (Pearson, J.). The Court should grant notice by mail *and* text message to ensure that the potential opt-in plaintiffs learn about, and can join, this lawsuit.

**Production/Manufacturing.** Defendant maintains that notice should only issue to "production" employees instead of "production/manufacturing" employees even though the Court approved "production/manufacturing." Order, ECF No. 55, at PageID #: 603, 08. Defendant never argued in its briefs why "manufacturing" should be excluded, *see* ECF Nos. 40, 50. But Defendant admittedly employs manufacturing employees. *See* Def.'s Opp. to Pls.' Mot., ECF No. 40, at PageID #: 431, 32, 33; Def.'s Opp. to Pls.' Supp. Brief, ECF No. 50, at PageID #: 553.

Defendant *now* claims that potential opt-in plaintiffs may get "confused" by "production/manufacturing." Defendant's new arguments are merely its belated attempt to exclude certain positions from receiving notice. The Court should decline to consider Defendant's new objection to "manufacturing" after notice was already granted to these employees. Attorneys from the same firm as Defendant's counsel recently sought to revise the definition in another matter after notice was already granted. The Court concluded that the employer waived any objections not included in the original briefing. *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-CV-4389, 2023 WL 6845198, at *2 (S.D. Ohio Oct. 17, 2023). Here, the parties completed two rounds of briefing. The Court should not consider Defendant's new arguments now.

**Exclusion of "costs" language.** The Court should decline to add costs language because the potential opt-in plaintiffs cannot adequately comprehend and assess such information. Requests to include information about opt-in plaintiffs' potential responsibility for costs have been rejected. *E.g.*, *Sholtz v. Emergency Med. Transp., Inc.*, No. 5:20-cv-2328, 2021 WL 4756994, at

*7 (N.D. Ohio Apr. 22, 2021) (Calabrese, J.) (declining to include liability for costs language in the notice); *King v. Bailey's Quality Plumbing and Heating LLC*, No. 5:20-cv-00571, 2021 WL 925809, at *7 (N.D. Ohio Mar. 11, 2021) (Calabrese, J.) (same); *Roby v. Elec. Co.*, No. 1:18-cv-006, 2018 WL 6831176, at *3, (N.D. Ohio Dec. 28, 2018) (Nugent, J.) (same). As explained in *King*, the likelihood that potential opt-in plaintiffs could be liable for costs is slight and may unfairly chill participation. Defendant has not supported its position with any instance where opt-in plaintiffs were found liable for costs, but such requests for costs have been denied. In *Hall v. U.S. Cargo and Courier Service, LLC*, the Court refused to impose court costs because the case was "brought [by plaintiffs] in good faith" and thus was not frivolous. No. 2:16-cv-330, 2019 WL 6001198, at *3 (S.D. Ohio Nov. 14, 2019); *see also Weckbacher v. Mem'l Health Sys. Marietta Mem'l Hosp.*, No. 2:16-cv-01187, 2020 WL 5250474, at *2 (S.D. Ohio Sept. 3, 2020). Defendant's request is merely to chill participation because of a threat of unknown costs.[2]

**Roster.** Defendant seeks to keep delaying notice by requesting 30 days after the Court's forthcoming order to produce the roster of potential opt-in plaintiffs. Plaintiffs filed their Motion on August 12, 2022, 591 days ago. Defendant will have more time until the Court enters an order on the outstanding disputed issues. All the while, the potential opt-in plaintiffs' statutes of limitations continue to run. The Court should order that the roster be produced in seven days following the Order or otherwise grant tolling as Defendant has had ample time to gather the potential opt-in plaintiffs' information and it has not justified its decision to wait.

For the reasons above, Plaintiffs respectfully request that the Court approve their proposed notice attached as **Exhibit A** and distribution process as described herein.

---

[2] If the Court decides that costs language should be included, it should include the following: "If you choose to join this litigation, along with Plaintiffs, you will have the potential for recovery of money damages, you may have potential for liability of a portion of Defendant's costs not including attorneys' fees if the Court determines the case was not brought in good faith and was not close or difficult, or you may recover nothing."

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/* Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Road
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of March 2024, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/* Matthew J.P. Coffman
Matthew J.P. Coffman