UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYNN MOORE, *et al.*, | ) | CASE NO: 5:22-cv-01017 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| SHEARER'S FOODS LLC, | ) | |
| | ) | (Resolves Docs. 56, 57) |
| Defendant. | ) | |
| | ) | |

Plaintiffs Lynn Moore and Heather Kolm (collectively "Named Plaintiffs") filed this action against Shearer's Foods LLC ("Shearer's") for alleged violations of the Fair Labor Standards Act and Ohio's overtime laws. The Court granted the *Plaintiffs' Pre-Discovery Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b)* (Doc. 18) on March 14, 2024 and directed the parties to confer regarding the content of the proposed notice. Doc. 55. Pursuant to that Order, the parties indicate they cannot reach full agreement on a joint proposed notice or an agreed distribution plan. Docs. 56, 57. As a result, each has filed briefs and proposed notice forms for the Court's consideration. Docs. 56, 57. Upon review of the briefs, the *Plaintiff's Notice of Unpaid Overtime Wage Lawsuit* (Doc. 57-1) is hereby authorized, subject to the change described herein.[1]

The parties disagree as to whether the notice should include information about the consequences of opting in. Shearer's argues the statement "[i]f you choose to enter this litigation,

---

[1] In the filings, the parties briefly address the issue of equitable tolling. The Court's approval of the lookback date for notice of August 12, 2019 should not be interpreted as a decision as to the statute of limitations. The Court will only consider equitable tolling upon an appropriately timed motion.

1

along with the Plaintiffs, you will have the potential for recovery of money or the potential for liability to pay costs to Defendant" should be included. Doc. 56 at p. 2. Named Plaintiffs contend that the statement will chill participation. Doc. 57 at pp. 4–5.

Several courts within this district have ordered the inclusion of the "consequences" language because the requests were reasonable and provided potential opt-in plaintiffs with a complete understanding of the risks of joining the case. *See Kilmer v. Burntwood Tavern Holdings LLC*, No. 1:19-CV-02660, 2020 U.S. Dist. LEXIS 74258, at *7 (N.D. Ohio Apr. 28, 2020) (finding the statement should be included, but it must be clear that opt-in plaintiffs are not liable for attorneys' fees); *see also Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-cv-01081, 2014 U.S. Dist. LEXIS 91778, at *5 (N.D. Ohio July 7, 2014) ("Before distributing the Notice, Gomez will amend the second sentence of the second paragraph in the section titled 'If You Join This Lawsuit' to read as follows: 'You have no obligation to pay attorney fees to Class Counsel unless the lawsuit prevails, though you may be responsible for paying costs incurred during the lawsuit regardless of the outcome of the case.'") The Court agrees with *Kilmer* and *Gomez*. The "consequences" language shall be included in the notice as detailed below.

Therefore, for the reasons stated above, the Court hereby **APPROVES** the notice submitted by Named Plaintiffs, subject to the following:

Named Plaintiffs are **ORDERED** to amend the second bold paragraph on the first page of the notice to include "If you join this lawsuit and the Court ultimately concludes Shearer's is the prevailing party, you may be liable for a portion of Shearer's costs in this matter – not including attorneys' fees;"

Named Plaintiffs are further **ORDERED** to include a 60-day, rather than 90-day, deadline to join;

2

Named Plaintiffs shall file a copy of the Court-authorized notice, consistent with the changes and findings herein, **within fourteen (14) days** of entry of this Order, for purposes of the record; and

Shearer's is **ORDERED** to provide the agreed-upon necessary information of all putative class members to Named Plaintiff's counsel, including, but not limited to, i) mailing addresses, and ii) e-mail addresses, when available, **within seven (7) days** of entry of this Order.

IT IS SO ORDERED.

May 13, 2024                                          */s/ John R. Adams*
Date                                                 JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE