# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LYNN MOORE & HEATHER KOLM**, on behalf of themselves and others similarly situated, | : : : : **CASE NO. 5:22-cv-1017** |
| Plaintiffs, | : : **JUDGE JOHN R. ADAMS** |
| v. | : : **MAGISTRATE JUDGE AMANDA M. KNAPP** |
| **SHEARER'S FOODS LLC**, | : : |
| Defendant. | : : |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Representative Plaintiffs Lynn Moore and Heather Kolm ("Representative Plaintiffs") and Defendant Shearer's Foods LLC ("Defendant") (collectively, Representative Plaintiffs and Defendant referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement") and Exhibit A – Proposed Notice of Settlement of Collective Action Lawsuit;

**Exhibit 2**: Declaration of Matthew J.P. Coffman ("Coffman Decl."); and

**Exhibit 3**: Proposed Order.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve their FLSA settlement and dismiss this case with prejudice.

Respectfully Submitted,

| **COFFMAN LEGAL, LLC** | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ W. Eric Baisden* |
| Matthew J.P. Coffman (0085586) | W. Eric Baisden (0055763) |
| Adam C. Gedling (0085256) | Yelena G. Katz (0092130) |
| Kelsie N. Hendren (0100041) | 127 Public Square, Suite 4900 |
| Tristan T. Akers (0102298) | Cleveland, Ohio 44114 |
| 1550 Old Henderson Rd. | Telephone: 216.363.4500 |
| Suite #126 | Facsimile: 216.363.4588 |
| Columbus, Ohio 43220 | Email: ebaisden@beneschlaw.com |
| Telephone: (614) 949-1181 | ykatz@beneschlaw.com |
| Facsimile: (614) 386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | *Counsel for Defendant Shearer's Foods LLC* |
| agedling@mcoffmanlegal.com | |
| khendren@mcoffmanlegal.com | |
| takers@mcoffmanlegal.com | |

*Counsel for Representative Plaintiffs and those similarly situated*

**MEMORANDUM IN SUPPORT**

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **Summary of the Claims and Defenses**

Representative Plaintiffs filed this case on behalf of themselves and others similarly situated on June 13, 2022 (the "Action"). In the Action, Representative Plaintiffs assert claims against Defendant under the FLSA and Ohio law. Decl. of Matthew J.P. Coffman, attached as **Exhibit 2**, ¶¶ 9-10. Specifically, Representative Plaintiffs allege that Defendant failed to pay them and other similarly situated production/manufacturing employees all overtime because Defendant (1) requires these employees to perform compensable work before the start of their scheduled shift while also maintaining a rounding policy with restrictions regarding how early they can clock in; (2) requires employees to clock out and back in for one or more unpaid break(s) each lasting twenty (20) minutes or fewer;[1] and (3) pays its hourly production/manufacturing employees non-discretionary bonuses but fails to factor such bonuses into the employees' regular rates of pay to calculate their overtime rates of pay. Defendant denies these allegations and maintains that it has properly compensated all employees. The Parties successfully reached a negotiated settlement after a full-day mediation with a well-respected mediator, Michael Russell. *Id.*, ¶¶ 11-14.

    B.    **Summary of Key Settlement Terms**

The total settlement amount is $1,150,000.00 (the "Global Settlement Fund"). This amount includes: (a) all individual payments to Representative Plaintiffs and all individuals who have joined this action ("Opt-In Plaintiffs") (Representative Plaintiffs and Opt-In Plaintiffs will be collectively referred to as "Plaintiffs"); (b) a service payment to each Representative Plaintiff; (c) Plaintiffs' Counsel's attorneys' fees and litigation expenses; (d) the cost of settlement

---

[1] Counsel confirmed that short rest breaks of 20 or fewer minutes were paid after analyzing pay and time data.

administration . *Id.*, ¶ 15.

If the Court approves the Settlement,[2] then a Notice of Settlement of Collective Action Lawsuit (i.e., **Exhibit 1-A**) and respective settlement award payment will be sent to Plaintiffs. In exchange for the Settlement and other consideration provided for in the Agreement, this Action will be dismissed with prejudice, and the Plaintiffs will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law. Coffman Decl., Ex. 2, ¶ 16.

In addition to the settlement payments to Plaintiffs, the Agreement also calls for payments to Representative Plaintiffs of $10,000 each (for a total of $20,000) in recognition of their service to the collective for which they will both execute a general release of claims in favor of Defendant. The Agreement also calls for payment to Plaintiffs' Counsel of one-third (1/3) of the Global Settlement Fund for attorneys' fees and $46,409.11 to reimburse its litigation expenses incurred in prosecuting this Action. *Id.*, ¶¶ 17-18.

## II. PROPRIETY OF APPROVAL OF THE SETTLEMENT

### A. The Overall Settlement Is Fair, Reasonable, and Adequate.

The court presiding over the settlement of an FLSA collective action must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours and overtime." *Lansbury v. City of Ashtabula, Ohio*, No. 1:23-CV-01937, 2024 WL 1742380, at *1 (N.D. Ohio Apr. 18, 2024) (Greenberg, M.J.) (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL

---

[2] The overall settlement reached by the Parties, as memorialized in the Agreement, is referred to herein as the "Settlement".

2490989 (N.D. Ohio June 15, 2010)) (quotation marks omitted). A district court looks to the following factors in determining whether a collective action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public interest.

*Reitz v. Laurel Lake Ret. Cmty., Inc.*, No. 5:21-cv-2259, 2024 WL 1514549, at *1 (N.D. Ohio Apr. 8, 2024) (Lioi, C.J.). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019) (Gaughan, J.) (quoting *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Application of these principles to this Settlement demonstrates that approval of the Parties' Settlement is warranted.

        1.    *<u>No indicia of fraud or collusion exists.</u>*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (Lioi, J.) (internal quotation marks and further citation omitted); *see also Herman v. MetalTek Int'l, Inc.*, No. 3:22-cv-1476, 2025 WL 35793, at *5 (N.D. Ohio Jan. 6, 2025) (Helmick, J.). Here, the Agreement was achieved only after arms'-length and good faith negotiations between the Parties and after each Party had the opportunity to evaluate time and payroll data to determine the potential damages if this case were to continue. The Agreement was reached with the assistance of an independent and experienced mediator, Michael Russell, and "[t]he participation of an independent mediator in the

settlement negotiations virtually insures [sic] that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, 617 F. Supp.2d 668, 673 (S.D. Ohio 2007). As such, because there is no indicia of fraud or collusion, this factor favors approval of the Settlement.

        2.      *The complexity, expense, and likely duration of continued litigation favor approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."). Moreover, the Parties disagree over the merits of Plaintiffs' claims, including but not limited to whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits. *See Herman*, 2025 WL 35793, at *5.

If forced to litigate this case further, the Parties would certainly "engage in complex, costly, and protracted discovery including the further production and review of electronic and paper documents and one or more depositions. Presumably, this lengthy and expensive discovery process would by followed by dispositive motion practice." *Id.* at *6. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and it amplifies the benefits of that relief through the economies of class/collective resolution. Coffman Decl., Ex. 2, ¶¶ 22-23.

        3.      *Investigation was sufficient to allow the parties to act intelligently.*

The Parties engaged in substantial investigation before negotiating the Settlement. Defendant produced substantial time and pay data. Coffman Decl., Ex. 2, ¶ 13. In addition, Plaintiffs engaged a consultant to review those records and create a damages model. *Id.* As such,

the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed them to negotiate a settlement based on facts and data. *Id.*; *see also Herman*, 2025 WL 35793, at *6 (noting that such investigation and analysis of produced records were sufficient to establish this factor).

Additionally, the Parties' counsel thoroughly researched the legal and factual issues in the case, and both sides understand all aspects of the dispute. *Herman*, 2025 WL 35793, at *6.

4. *The risks of litigation favor approval.*

Counsel for each side believes in the merits of its respective clients' position while recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Plaintiffs could receive no compensation, or if they do receive any compensation, it will be only after protracted litigation. By settling the case, the Parties bypass the inherent litigation risks and achieve finality on this matter. This factor favors approval of the Settlement. *Lansbury*, 2024 WL 1742380, at *2 ("Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue."); *Jeffreys v. Health Care Facility Mgmt., LLC*, No. No. 5:22-cv-371, 2024 WL 4803362, at *3 (N.D. Ohio Nov. 15, 2024) (Lioi, C.J.) ("Given the uncertainty and risks surrounding each stage of litigation, including summary judgment and a possible trial, the certainty and finality that comes with a settlement also weighs in favor of a ruling approving the Settlement.").

5. *Plaintiffs' Counsel's recommendation favors approval.*

Counsel for each respective Party is experienced in wage-and-hour collective and class actions, has acted in good faith, and has represented its clients' best interests in reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable and in Plaintiffs' best interest. Coffman Decl., Ex. 2, ¶ 20. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018); *see also Herman*, 2025 WL 35793, at *6 (further citation omitted) ("[T]he court should defer to the judgment of experienced counsel who has completely evaluated the strength of his proofs."); *Williams v. CG-HHC, Inc.* No. 5:22-cv-1003, 2024 WL 1514587, at *3 (N.D. Ohio Apr. 8, 2024) (Lioi, C.J.) ("The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed to the plaintiffs . . . . The Court agrees with counsel.") Accordingly, this factor favors approval of the Settlement.

6. *The reaction of absent class members favors approval.*

If the Court approves the Settlement, Plaintiffs will receive a settlement award payment that in the Parties' Counsel's opinion is fair and reasonable. Plaintiffs' Counsel has not received any indication that any Plaintiff would have an objection to this Settlement. Coffman Decl., Ex. 2, ¶ 20; *see also Herman*, 2025 WL 35793, at *7 (noting that a lack of objections and "a single request for exclusion" in a collective of 57 individuals "supports a finding that the reaction of the absent class members is neutral, if not favorable").

       7.     <u>*The public interest favors approval.*</u>

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). "Further, 'enforcing the FLSA furthers an important interest in encouraging employees and others to ensure that employers comply with laws governing employment.'" *Herman*, 2025 WL 35793, at *7 (further citation omitted). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

       **B.**     <u>**The Settlement Distributions Are Fair, Reasonable, and Adequate.**</u>

As a part of the scrutiny that it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Plaintiffs.

       1.     <u>*The individual payments are reasonable and adequate.*</u>

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis. The individual settlement payments represent approximately 70% of Plaintiffs' alleged overtime damages assuming: (i) Defendant failed to include certain types of additional compensation in Plaintiffs' regular rates of pay when computing overtime; (ii) Defendant

improperly rounded Plaintiffs' time worked to their detriment; and (iii) Defendant did not pay Plaintiffs for five (5) minutes of unpaid work each day. Coffman Decl., Ex. 2, ¶ 16. This exceeds the average recovery the Court has previously recognized. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010). The Settlement Awards also exceed the recovery approved in other similar matters. *Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *3 (N.D. Ohio Sept. 13, 2021) (approving a settlement where payments represented 42% of the overtime damages). Moreover, the *pro rata* calculation "ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-107, 2020 WL 6536342, at *8 (S.D. Ohio Sept. 25, 2020). Therefore, the individual settlement award payments are reasonable and appropriate.

2. *Representative Plaintiffs' service awards are proper and reasonable.*

The Settlement provides for service awards of $10,000 each to Representative Plaintiffs in addition to their respective individual settlement payment. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation because they "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Ulm v. Artemis Care LLC*, No. 5:23-cv-214, 2024 WL 149755, at *3 (N.D. Ohio Jan. 12, 2024) (Lioi, C.J.).

Here, Representative Plaintiffs contributed significant time, effort, and detailed factual information, which enabled Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter that, in Plaintiffs' Counsel's opinion, fairly and adequately compensates the collective for alleged unpaid wages. As such, the time and efforts that Representative Plaintiffs provided supports the requested service payment. Coffman Decl., Ex. 2, ¶ 17.

### 3. *The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of one-third (1/3) of the Global Settlement Fund. The Court has consistently concluded that the fee request is typical and reasonable when approving the same in similar matters. *Dillworth*, 2010 WL 776933, at *8; *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *6 (N.D. Ohio Mar. 26, 2019); *Harsh*, 2021 WL 4145720, at *8; *Santos v. Agave & Rye Ltd. Liab. Co.*, No. 3:23-CV-00969-JRK, 2023 WL 8791347, at *2 (N.D. Ohio Dec. 14, 2023); *Coker v. Beer Barrel, Inc.*, No. 3:23 CV 470, 2024 WL 3551848, at *2 (N.D. Ohio July 23, 2024). This requested attorneys' fees amount "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.) (concluding one-third fee award is "typical" for FLSA collective actions).

Furthermore, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Coffman Decl., Ex. 2, ¶ 24. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-cv-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019). The Court should conclude that Plaintiffs' Counsel is entitled to a fee of one-third of the common fund.

4. *The Court should authorize reimbursement to Plaintiffs' Counsel of its out-of-pocket expenses incurred in this case.*

Plaintiffs' Counsel should also be reimbursed for its out-of-pocket expenses and costs in the amount of $46,409.11. Coffman Decl., Ex. 2, ¶ 18. "Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7; *See also Herman*, 2025 WL 35793, at *9. Accordingly, the Court should grant the request to reimburse Plaintiffs' Counsel for advanced litigation costs and expenses.

### III. CONCLUSION

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3) approve the requested service payments; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

| **COFFMAN LEGAL, LLC** | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
|---|---|
| */s/ Matthew J.P. Coffman* | |
| Matthew J.P. Coffman (0085586) | */s/ W. Eric Baisden* |
| Adam C. Gedling (0085256) | W. Eric Baisden (0055763) |
| Kelsie N. Hendren (0100041) | Yelena G. Katz (0092130) |
| Tristan T. Akers (0102298) | 127 Public Square, Suite 4900 |
| 1550 Old Henderson Rd. | Cleveland, Ohio 44114 |
| Suite #126 | Telephone: 216.363.4500 |
| Columbus, Ohio 43220 | Facsimile: 216.363.4588 |
| Telephone: (614) 949-1181 | Email: ebaisden@beneschlaw.com |
| Facsimile: (614) 386-9964 | ykatz@beneschlaw.com |
| Email: mcoffman@mcoffmanlegal.com | |
| agedling@mcoffmanlegal.com | *Counsel for Defendant Shearer's Foods LLC* |
| khendren@mcoffmanlegal.com | |
| takers@mcoffmanlegal.com | |

*Counsel for Representative Plaintiffs and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman